**Gurdev SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71208.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq. U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Gurdev Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision as the final agency determination, *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003), and we review for substantial evidence any adverse credibility determination, *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). We grant the petition for review.

Substantial evidence does not support the IJ's adverse credibility determination because the record does not support the IJ's finding that there were important discrepancies or inconsistencies in Singh's accounts of his second or third arrests that were not adequately explained in the course of the proceedings. *See Garrovillas v. INS*, 156 F.3d 1010, 1013–14 (9th Cir.1998). Because the remaining inconsistencies cannot be viewed as

Singh's attempts to enhance his claims of persecution, they cannot be the basis of an adverse credibility finding. *See Shah*, 220 F.3d at 1068. The record does not support the IJ's generalized finding that Singh failed to testify in a "straightforward" manner. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir.2003) (the IJ's impugning of the manner in which the respondent's testimony was delivered "cannot displace the substantial evidence of its detailed and consistent content describing serious abuse"); *see also Garrovillas*, 156 F.3 at 1014 (the IJ's frustration at respondent's avoidance of "direct and truthful answers" was "better explained by language barriers, interpreter problems, and pervasive antagonism on the part of the IJ than by any evasiveness on the part of [respondent]").

We therefore remand this matter to the BIA for a determination, accepting Singh's testimony as credible, whether Singh is eligible for asylum, withholding of removal, or protection under the CAT, and for the exercise of discretion whether to grant his asylum application. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.